Eastern District of Kentucky
**F I L E D**

MAY 0 9 2018

AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

**CRIMINAL ACTION NO. 7:18-CR-001-S-KKC**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                                   **PLEA AGREEMENT**

**BOBBY ROY JUSTICE**                                          **DEFENDANT**

\*   \*   \*   \*   \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant, Bobby Roy Justice, will enter a guilty plea to Count Two of the Superseding Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute Schedule II controlled substances, to include oxycodone ("Count Two"). The United States will move at sentencing to dismiss all additional charges, including the Underlying Indictment.

2.  The essential elements of Count Two are:

(a) Two or more persons conspired or agreed to distribute Schedule II controlled substances; and

(b) The Defendant knowingly and voluntarily joined in this conspiracy.

3.  As to Count Two the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) Between 2009 and August of 2014, in Pike County, in the Eastern District of Kentucky, and elsewhere, the Defendant agreed with other people

to distribute controlled substances, including a quantity of pills containing oxycodone, a Schedule II controlled substance.

(b) Specifically, the Defendant developed access to sources of supply in Florida through whom he regularly obtained oxycodone pills. The Defendant returned these pills to Pike County, Kentucky, where he had recruited others to distribute pills, including oxycodone pills and oxymorphone pills, on his behalf and for a profit.

(c) On August 6, 2014, law enforcement conducted a traffic stop of a vehicle in which the Defendant was the driver and lone occupant. During the ensuing search of Justice's person and the vehicle, law enforcement found oxycodone, oxymorphone, and alprazolam pills, as well as powder containing alprazolam. Law enforcement also found digital scales, drug ledgers, and a firearm. As evidenced by the quantity of pills and the paraphernalia, the Defendant intended to distribute the pills and powder discovered in his vehicle.

4.    The statutory punishment for Count Two is imprisonment not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. A mandatory special assessment of $100 per count of conviction applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)  The latest version of the United States Sentencing Guidelines ("U.S.S.G.") Manual that is in effect at the time of sentencing shall be used to determine the Defendant's guideline range.

(b)  Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the offense level by 2 levels because the Defendant possessed a dangerous weapon.

2

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

3

11.  This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12.  The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date:  5-9-18          By:                              /for

Andrew H. Trimble
Assistant United States Attorney

Date:  5-9-18

Bobby Roy Justice
Defendant

Date:  5/9/18

Michael B. Fox
Attorney for Defendant

4