# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 7:18-01-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **BOBBY ROY JUSTICE,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

Defendant Bobby Roy Justice has moved the Court for relief pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 62). For the following reasons, the Court hereby ORDERS that the motion is DENIED.

The compassionate-release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if 1) it finds that "extraordinary and compelling reasons warrant such a reduction" or 2) the defendant is at least 70, has served at least 30 years in prison on the offense for which is currently incarcerated, and the Bureau of Prisons ("BOP") has determined that the defendant is not a danger to others. In either case, the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

Justice is 71, but he has not served at least 30 years in prison for this conviction. By judgment dated September 11, 2018, the Court sentenced Justice to a prison term of 120 months. (DE 42, Judgment.) His projected release date is August 12, 2026. Further, there is no evidence in the record that the BOP has determined that Justice is not a danger to others.

As to the "extraordinary and compelling" circumstances warranting a sentence reduction, the statute does not define what they are. Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. However the defendant must be suffering from a "terminal illness" or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

While Justice has significant medical problems, he does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has diminished his ability to provide self-care within the prison environment.

Another circumstance identified in the policy statement as an "extraordinary and compelling reason" that warrants a sentence reduction is the defendant's age. But the defendant must be at least 65; "experiencing a serious deterioration in physical or mental health because of the aging process;" and have served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. U.S.S.G. 1B1.13, cmt. n.1. Justice has not yet served 10 years of this prison term, and he has served only approximately 22 percent of the term.

2

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

For all these reasons, the Court must deny Justice's motion (DE 62) for relief under 18 U.S.C. § 3582(c)(1)(A).

Dated September 16, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY