UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | CRIMINAL NO. 7:18-1-KKC |
|---|---|
| Plaintiff, | |
| v. | OPINION AND ORDER |
| BOBBY ROY JUSTICE, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*

This matter is before the Court on a second motion (DE 70) by defendant Bobby Roy Justice for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court hereby ORDERS that the motion is DENIED.

Justice pleaded guilty to conspiring to distribute oxycodone. By judgment dated September 11, 2018, the Court sentenced him to 120 months of imprisonment. According to the Bureau of Prisons' (BOP) website, he is currently 72 years old and incarcerated at Butner FMC. His projected release date is August 12, 2026.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events

mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Justice has presented evidence that he requested that the warden move for his early release, and the warden denied that request on April 28, 2021. (DE 70-1). Further, the government does not argue that Justice has failed to meet the mandatory condition. Accordingly, the Court may consider Justice's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

Justice, however, does not set forth any circumstances that the Court could find extraordinary and compelling. He states that he has a particular susceptibility and risk of

2

contracting COVID-19. According to him, this is because he is 72 and has multiple medical conditions that put him at greater risk of serious illness or death from COVID-19. These conditions include prostate cancer, obesity, high blood pressure, and lung disease. Further, he states that his immune system is compromised due to chemotherapy and radiation therapy.

Nevertheless, the government has produced evidence that there are no current cases of COVID-19 at FMC Butner. In addition, the government has produced evidence that the BOP offered Justice the COVID-19 vaccine, but he refused it. There is no evidence that he has been advised that any medical condition would prevent him from taking the vaccine. The Court cannot find that any risks that Justice has due to COVID-19 are extraordinary and compelling circumstances when the vaccine against that disease has been offered to him, but he has refused to take it. Any such ruling would discourage prisoners from accepting the vaccine, which would increase the COVID-19 risks in prison. This cannot be the intent of the compassionate release statute. Further, while Justice clearly suffers from many medical issues, he does not allege that he is not receiving treatment for them.

Even assuming that extraordinary and compelling circumstances existed, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

3

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Justice's sentencing and has reconsidered them for this motion. Justice was convicted of a serious drug offense involving a large quantity of controlled substances. He has served only about a third of the already reduced sentence that the Court imposed. The Court commends Justice on the steps he has taken while incarcerated to improve himself and on his behavior while imprisoned. Nevertheless, considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Justice's sentencing, it is not appropriate to order his release at this time.

Accordingly, the Court **HEREBY ORDERS** that Justice's second motion for compassionate release (DE 70) is DENIED.

Dated July 01, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY