<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 21-5841

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| BOBBY ROY JUSTICE, | ) ) | |
| Defendant-Appellant. | ) | |

FILED
Feb 28, 2022
DEBORAH S. HUNT, Clerk

<u>O R D E R</u>

Before: GUY, SUHRHEINRICH, and MOORE, Circuit Judges.

Bobby Roy Justice, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In May 2018, Justice pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846. The district court sentenced him to 120 months of imprisonment, to be followed by three years of supervised release. In accordance with the plea agreement's appeal-waiver provision, Justice did not file a direct appeal, although he did file an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

In July 2020, Justice, then seventy-one years of age, filed an emergency motion for compassionate release, in which he asserted that his advanced age and his various medical issues put him at greater risk of serious complications and death if he were to contract COVID-19. Specifically, Justice noted that he suffers from obesity, chronic bronchitis, and coal workers pneumoconiosis, among other health conditions. He also stated that he has a lung nodule and a

compromised immune system due to chemotherapy and radiation therapy that he received during a prior bout with prostate cancer. Justice further asserted that the 18 U.S.C. § 3553(a) sentencing factors supported his release because he was convicted of a non-violent offense and does not have a history of violence, is unlikely to recidivate, has taken several educational programs and courses while incarcerated, and has a strong family support system. The district court denied Justice's compassionate-release motion based on then-existing precedent that it had no authority to find "extraordinary and compelling" reasons to modify a prisoner's sentence beyond those delineated in USSG § 1B1.13, p.s., comment (n.1). Justice did not appeal.

Approximately nine months later, after we held that district courts have discretion to define "extraordinary and compelling" without reference to § 1B1.13, *United States v. Jones*, 980 F.3d 1098, 1109-11 (6th Cir. 2020), Justice filed another motion for compassionate release, reiterating the arguments that he had advanced in his earlier compassionate-release motion. The government opposed Justice's motion, noting that there were currently no reported COVID-19 cases at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), where Justice was housed, and that Justice had refused the COVID-19 vaccine. The district court denied Justice's motion for compassionate release, reasoning that, in light of his refusal to receive a COVID-19 vaccine and the absence of COVID-19 cases at FMC Butner, Justice's health conditions did not present extraordinary and compelling reasons warranting his release from custody. The district court alternatively determined that, even if Justice had presented extraordinary and compelling reasons to justify his release, the § 3553(a) sentencing factors militated against granting him compassionate release.

Justice subsequently filed a motion for reconsideration, in which he disputed the government's representation that he had "refused" the COVID-19 vaccine. To that end, he stated that when he arrived at his appointment to receive the first dose of the Pfizer COVID-19 vaccine on December 22, 2020, the nurse declined to administer the injection and then forged his signature on a form stating that he had refused the vaccine. In response to this allegation, the government provided the district court with a copy of Justice's Bureau of Prisons immunization record, which was devoid of any signature and simply contained a notation indicating that Justice had refused

the vaccine on December 22, 2020. That immunization record also revealed that Justice ultimately received two doses of the Pfizer COVID-19 vaccine—a point that Justice concedes. The district court denied the motion for reconsideration upon concluding that Justice's vaccination status "dramatically reduces [his] risk of severe illness or death from COVID-19." The district court also incorporated by reference "those [reasons for denial] set forth in [its] prior opinion denying Justice's second motion for compassionate release" as an alternative basis for denying Justice's reconsideration motion.

On appeal, Justice argues that the district court erred by: (1) denying him compassionate release without first deciding whether his various health conditions constitute an extraordinary and compelling reason warranting release; (2) relying on the purportedly forged immunization record to deny him compassionate release; and (3) misapplying the § 3553(a) factors.

We review a district court's denial of compassionate release for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Jones*, 980 F.3d at 1112 (quoting *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010)).

The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. 18 U.S.C. § 3582(c)(1)(A). We have held, however, that the policy statement concerning compassionate release, USSG § 1B1.13 p.s., is inapplicable to motions filed by inmates, which leaves Justice with only two "prerequisites" to satisfy. *See United States v. Elias*, 984 F.3d 516, 518-19 (6th Cir. 2021); *see also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). If either of the remaining "prerequisites" is "lacking," his motion fails. *Elias*, 984 F.3d at 519.

The district court did not abuse its discretion when it denied Justice's motion for compassionate release based on Justice's access to the COVID-19 vaccine. We recently recognized that, after full vaccination, "both the likelihood of contracting COVID-19 and the

associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). We thus held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.*; *see also United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021). No matter the reason for Justice not receiving the COVID-19 vaccine on December 22, 2020, it is undisputed that Justice has since received two doses of the Pfizer COVID-19 vaccine—administered on June 23, 2021, and July 14, 2021. He therefore cannot demonstrate that his COVID-19 risk is an "extraordinary and compelling" justification for compassionate release. This is true even in light of Justice's various health conditions. *See United States v. Traylor*, 16 F.4th 485, 486-87 (6th Cir. 2021). Our conclusion on this point obviates the need to address Justice's argument concerning the district court's application of the § 3553(a) factors. *See Elias*, 984 F.3d at 519.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I write separately because we need not consider whether Justice has presented an extraordinary and compelling reason warranting release based on his extensive list of severe medical conditions. I conclude that the district court did not abuse its discretion in balancing the 18 U.S.C. § 3553(a) factors. The district court judge, who had previously sentenced Justice, weighed the seriousness of the drug offense of which Justice was convicted and the fact that Justice had served only a third of his sentence against the steps he had taken to improve himself and his behavior while imprisoned. R. 78 (7/1/21 Dist. Ct. Order at 4) (Page ID #1053). Reviewing this analysis, "the record as a whole satisfies [me] that the judge 'considered the parties' arguments and ha[d] a reasoned basis for exercising [her] own legal decisionmaking authority.'" *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). I would affirm on that basis alone.

No. 21-5841
- 5 -

Accordingly, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk